UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: BRIAN CORRION

---

BRIAN CORRION, for exoneration from
or limitation of liability as owner of a
41&#039; Ft 1988 Sea Ray Vessell, Hull
ID No. SERF2654H788

       Petitioner,

v.                                          Case No: 2:16-cv-528-FtM-99CM

LESLEY KEMP, Individually, as
Personal Representative of the
Estate of Brandon Kemp, Deceased,
and on behalf of Brandon Kemp's
Survivors and Heirs, and ROYAL
PALM MARINA LLC,

       Claimants.

---

## **ORDER**[1]

This matter comes before the Court on Counter-Defendant Brian Corrion's Motion to Dismiss Royal Palm Marina LLC's Claim to Petition for Exoneration from or Limitation of Liability (Doc. #20) filed on September 7, 2016. Counter-Claimant Royal Palm Marina LLC has not filed a response in opposition, and the time do so has expired. This Motion is now ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Petitioner and Counter-Defendant Brian Corrion ("Corrion") was the owner of a 1988 41' Sea Ray vessel, bearing Hull Identification No. SERF2654H788, Official Number 990712, and Florida Vessel Registration No. FL 7620PS ("the Vessel"). (Doc. #1 at 2). Claimant and Counter-Claimant Royal Palm Marina LLC ("Royal Palm Marina") is a limited liability company that owned and operated the dock harboring the Vessel at issue. (Doc. #21 at 2-3). On June 13, 2016, a diver by the name of Brandon Kemp ("Kemp") was cleaning the bottom of the Vessel, moored at Edison Ford Marina in Fort Myers, Florida. (Doc. #1 at 2). Corrion authorized the cleaning, but claims he did not know when Kemp would show up to perform the cleaning. (Doc. #1 at 2). In the afternoon, Kemp was discovered submerged underneath the Vessel. (Doc. #1 at 2). Kemp was neither moving nor responsive. (Doc. #1 at 2-3). At that point, police and marine management were called. (Doc. #1 at 3). Kemp was removed from the water and pronounced dead. (Doc. #1 at 3). When Kemp was discovered, Corrion was not onboard the Vessel. (Doc. #1 at 3). Two months later, Claimant Lesley Kemp, the wife of the deceased, brought a wrongful death claim against Petitioner. *See* (Doc. #13). In response, Royal Palm Marina filed a counter-claim for indemnity from the instant action. (Doc. #16 at 4). Corrion now moves to dismiss Royal Palm Marina's counter-claim petitioning for exoneration from or limitation of liability. *See* (Doc. #20).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,*

2

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims.  *See id.* at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citations omitted).  Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims.  *See id.*  Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief.  *See id.* at 678-79.  Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments.  *See Twombly,* 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied.  Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).  Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient.  *See id.* at 678-79.  Mere naked assertions are also inadequate.  *See id.*

3

## **DISCUSSION**

Corrion offers several arguments against Royal Palm Marina. First, Corrion asserts that Royal Palm Marina's counter-claim for indemnification is not ripe for adjudication. Corrion next contends that Royal Palm Marina fails to state a cause of action for indemnification. As a final argument, Corrion states that the indemnification clause provided by Royal Palm Marina is against public policy and thereby, void. The Court will address each argument, in turn.

Corrion contends Royal Palm Marina's counter-claim for indemnification is contingent upon Kemp's estate bringing an action against Royal Palm Marina. (Doc. #20 at 4). Until such occurrence, Corrion avers that the matter at hand is not yet ripe for adjudication. (Doc. #20 at 5). The Court agrees.

A federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). The ripeness doctrine serves to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab. v. Gardner*, 387 U.S. 136, 148-49 (1967). Any issue of ripeness calls upon "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Id.* at 149.

Here, the Court does not find the matter of indemnification ripe for consideration. The event as Corrion asserts is a contingent one, and to date, Kemp's estate has not filed a claim against Royal Palm Marina. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not

occur as anticipated, or indeed may not occur at all'") (internal citation omitted). Consequently, this Court does not find Royal Palm Marina's indemnification counter-claim ripe for adjudication.

The Court will note that Corrion later argues failure to state a claim and contends that Royal Palm Marina's indemnification clause is void because it is against public policy. (Doc. #20 at 5-8). As stated above, Royal Palm Marina's indemnification counter-claim is not yet ripe for adjudication. Therefore, the Court declines to address the aforementioned arguments and will now dismiss Royal Palm Marina's counter-claim without prejudice.

Accordingly, it is now

**ORDERED:**

Counter-Defendant Brian Corrion's Motion to Dismiss Royal Palm Marina LLC's Claim to Petition for Exoneration from or Limitation of Liability (Doc. #20) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record