## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

## IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF BRIAN CORRION, FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY AS OWNER OF A 41' FT
1988 SEA RAY VESSEL, HULL
ID NO. SERF2654H788

Case No:  2:16-cv-528-FtM-99CM

---

## ORDER

This matter comes before the Court upon review of Petitioner's Motion for Entry of Default (Doc. 26), filed on September 30, 2016.   Petitioner seeks default judgment, pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, against all persons who have not filed claims in this action prior to August 18, 2016.   Doc. 26 at 2-3.   At the outset, the Court notes that, pursuant to Rule 55, Federal Rules of Civil Procedure, a plaintiff must obtain a Clerk's default pursuant to Rule 55(a) before the Court may grant relief under Rule 55(b).[1]   Accordingly, because Petitioner has neither sought nor obtained a Clerk's default in this case, the Court will construe the motion as a motion for Clerk's default under Rule 55(a).[2]

---

[1] The Federal Rules of Civil Procedure apply to actions for exoneration from or limitation of liability, except to the extent that they are inconsistent with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P. Supp Rules A(1)(A)(iv),(2).

[2] In the case cited by the Petitioner, *Olympia Dev. Grp., Inc. v. Non-Filing Claimants*, No. 809-cv-2230-T-33-AEP, 2010 WL 145887 (M.D. Fla. Jan. 8, 2010), the Clerk had entered a default against the non-filing claimants pursuant to Rule 55(a).   *Id.* at *1 n.1.

On June 30, 2016, Petitioner Brian Corrion as owner of the 41-foot 1988 Sea Ray Vessel bearing hull identification number SERF2654H788 filed a Complaint claiming the benefits of exoneration from or limitation of liability as provided for in the Act of Congress embodied in 46 U.S.C. § 30501, *et seq.* (the "Act") and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture. Doc. 1.   Petitioner contests liability independently of the limitation of liability claim under the Act for any loss, damage, death, personal injury, damage or destruction of property or other occurrences arising from the incident described in the Complaint which is alleged to have occurred on June 13, 2016.   *Id.*

On July 7, 2016, the Court entered an Order directing the Clerk to issue notice to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of the Court in writing, and to serve on the attorneys for the Petitioner a copy thereof on or before August 18, 2016, or be defaulted.   Doc. 5.   On July 8, 2016, the Clerk issued a Notice to Claimants of Complaint for Exoneration from or Limitation of Liability advising all persons claiming any and all personal injury, property damage, destruction or other losses, caused by or resulting from the marine casualty set forth in the Complaint to appear before and file their respective claims with the Court and to serve on or mail to the Petitioner's attorney copies thereof on or before August 18, 2016.   Doc. 6.

Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).   In accordance with Supplemental Rule F(4) and Local Admiralty Rule 7.06(a), Petitioner filed a Notice of Filing Proof of Publication of Notice to Claimants (Doc. 11), and copies of the notice were duly mailed in accordance with the rules of the Court.   Doc. 26 at 2.   As of the date of this Order, Lesley Kemp, individually, as Personal Representative of the Estate of Brandon Kemp, deceased, and on behalf of Brandon Kemp's Survivors and Heirs (Doc. 13) and Royal Palm Marina LLC. (Doc. 16), each have filed claims in this action.   No other persons or entities have filed a claim, answer or other paper in these proceedings.

Because Petitioner has complied with the applicable provisions of Supplemental Rule F and the Local Admiralty Rules, and no other claims have been filed in this action, Petitioner's Motion for the Entry of Default (Doc. 26), construed as a motion for Clerk's default pursuant to Rule 55(a), Federal Rules of Civil Procedure, is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Petitioner's Motion for Entry of Default, construed as a motion for Clerk's default pursuant to Rule 55(a), is **GRANTED**.

2.     The defaults of all non-appearing persons claiming damages for any and all losses, damages, injuries, and destruction arising out of, occasioned or occurring from the incident set forth in the Complaint who have not filed and presented claims

and answers, be and are hereby noted and the said persons in default and are hereby barred from filing any claims and answers in this proceeding or any proceeding.

3.     The Clerk is directed to enter default against all non-appearing potential claimants.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record